UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | | |
|---|---|---|
| EBONY BROTHERS, on behalf of herself and all others similarly situated, | ) ) ) ) | CASE NO.<br><br>JUDGE |
| Plaintiff, | ) ) ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| vs. | ) ) | (Jury Demand Endorsed Herein) |
| LIVONIA COMFORT CARE, LLC<br>c/o Statutory Agent Hamza Sikander<br>4180 Tittabawassee<br>Saginaw, MI 48604 | ) ) ) ) ) | |
| Defendant. | ) | |

Now comes Plaintiff Ebony Brothers, by and through undersigned counsel, and for her Complaint against Livonia Comfort Care, LLC ("Defendant") states and alleges the following:

**INTRODUCTION**

1.      Plaintiff institutes this "collective action" as a result of Defendant's practices and policies of failing to pay Plaintiff and other similarly situated employees for all hours worked, including meal periods during which they performed work and were not completely relieved from duty and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     The Court has personal jurisdiction over Defendant because its principal place of business is in Michigan.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5.     At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Mecosta County, Michigan.

6.     At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7.     At all times relevant herein, Defendant Livonia Comfort Care was a Michigan Limited Liability Company, organized and existing under the laws of the State of Michigan.

8.     Defendant's principal place of business is located at 34020 Plymouth Road, Livonia, Michigan 48150.

2

9.     At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10.    At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11.    At all times relevant herein, Defendant is and was an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

12.    At all times relevant herein Defendant Livonia Comfort Care, LLC; Bay City Comfort Care, LLC; Chesaning Comfort Care, LLC; Shelby Comfort Care, LLC; Shields Comfort Care, LLC; Vassar Comfort Care II, LLC; Bavarian Comfort Care, LLC; and/or Brighton Comfort Care, LLC ("Comfort Care entities") operated as a single "enterprise" within the meaning of 29 U.S.C. § 203(r)(1).  Defendant Livonia Comfort Care, LLC and the other Comfort Care entities perform related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint.

13.    At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

3

14. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. Plaintiff's written consent to this action is attached hereto as Exhibit 1.

16. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17. Defendant is a nursing and rehabilitation center with several facilities located in Michigan, including facilities in Livonia, Bay City, Brighton, Chesaning, Shelby, Shields, and Vassar.

18. Upon information and belief, each facility is controlled by the same leadership team and members and each facility operates with a high degree of interrelated and unified operations and share common labor policies and practices complained of herein.

19. Defendant employed Plaintiff as a caregiver from January 2023 through December 2023 as a caregiver at its Livonia, Michigan location.

20. Other similarly situated employees were employed by Defendant as full-time, non-exempt employees, including but not limited to caregivers, med-techs, and direct support providers at various facilities in Michigan.

21.     Plaintiff and other similarly situated employees were classified by Defendant as non-exempt and paid an hourly wage.

22.     Plaintiff and other similarly situated employees regularly worked more than 40 hours per workweek.

**(Failure to Pay For All Hours Worked)**

23.     Plaintiff and other similarly situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: (a) setting up the dining room; and (b) helping residents get cleaned up and ready.

24.     The time Plaintiff and other similarly situated employees spent setting up the dining room and helping residents get cleaned up and ready was and integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

25.     Setting up the dining room and helping residents get cleaned up and ready are intrinsic elements of their principal activities and ones with which Plaintiff and other similarly situated employees cannot dispense if they are to perform their principal activities.

26.     Plaintiff and other similarly situated employees were not paid for time spent (a) setting up the dining room; and (b) helping residents get cleaned up and ready.

5

27.     The amount of time Plaintiff and other similarly situated employees spent on this required and unpaid worked amounted to approximately one hour per day.

28.     When Plaintiff and other similarly situated employees clocked in early to perform these principal activities, Defendant and the other Comfort Care entities deducted the hours worked from the time keeping system.

29.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**(Failure to Provide Bona Fide Meal Periods)**

30.     Plaintiff and other similarly situated employees were not provided *bona fide* meal periods during which they were completely relieved from duty.

31.     Defendant has/had a practice and policy of automatically deducting 30 minutes from Plaintiff's and other similarly situated employees' pay each day for a meal period, despite the fact that they frequently did not receive a meal period and were required to perform work during their unpaid meal periods.

32.     Plaintiff was required to work through her unpaid meal periods nearly every workday.

33.     Defendant knew that Plaintiff and other similarly situated employees frequently did/do not receive meal periods because Defendant required/requires

6

them to perform the work during their meal periods, and supervisors observed them performing work during their meal periods.

34. Plaintiff also reported missing her meal periods to her supervisor.

35. The time spent working during unpaid meal periods was in addition to the 40 or more paid hours that Plaintiff and other similarly situated employees regularly worked, and thus, constituted overtime hours worked for which Plaintiff and other similarly situated employees were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly rates of pay.

36. As a result of Defendant's failure to pay Plaintiff and other similarly situated employees for meal periods during which they performed work, Plaintiff and other similarly situated employees were denied significant amounts of overtime compensation.

**(Failure to Keep Accurate Records)**

37. Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated recruiters.

**(Defendant Willfully Violated the FLSA)**

38. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

39. Defendant did not make and has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless

7

disregard of the law has carried out its unlawful pattern and practice of failing to pay its full-time, non-exempt, hourly employees for meal periods during which they performed work.

## **COLLECTIVE ACTION ALLEGATIONS**

40.    Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

41.    The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former employees employed by Livonia Comfort Care, LLC; Bay City Comfort Care, LLC; Chesaning Comfort Care, LLC; Shelby Comfort Care, LLC; Shields Comfort Care, LLC; Vassar Comfort Care II, LLC; Bavarian Comfort Care, LLC; and/or Brighton Comfort Care, LLC at any time between 3 years prior to the filing of this suit and the present.

42.    Plaintiff is unable, at this time, to state the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

43.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.  In addition to Plaintiff, numerous current and former recruiters are similarly situated with regard

8

to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

44.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Violations of the FLSA)

45.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46.     Defendant's practices and policies of not paying Plaintiff and other similarly situated production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

47.     Defendant's practices and policies of not paying Plaintiff and other similarly situated employees for meal periods during which they performed work violated the FLSA, 29 C.F.R. § 785.19.

48.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half

9

times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

49.     Defendant's actions and/or omissions were not in good faith.

50.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

51.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages, including overtime compensation, due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all FLSA Collective Class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.     Award Plaintiff and the FLSA Collective Class she represents actual damages for unpaid overtime compensation.

10

D.      Award Plaintiff and the FLSA Collective Class she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the FLSA Collective Class;

E.      Award Plaintiff and the FLSA Collective Class she represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the FLSA Collective Class she represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the FLSA Collective Class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Lori M. Griffin*
Lori M. Griffin (Ohio 0085241)
Matthew S. Grimsley (Ohio 0092942)
Anthony J. Lazzaro (Ohio 0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Telephone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

*Attorneys for Plaintiff*

11

## **JURY DEMAND**

Pursuant to their rights under the Constitution of the United States, U.S.

CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

/s/ *Lori M. Griffin*
Lori M. Griffin (Ohio 0085241)

*Attorney for Plaintiff*

12

## **CONSENT FORM**

1.  I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit or arbitration case filed against my employer.

2.  I understand that the claims are brought under the Fair Labor Standards Act and/or state wage and hour laws.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.  I intend to pursue my claim individually, unless and until the court or parties certify the case as a collective or class action.  If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4.  In the event the case is not conditionally certified or decertified after conditional certification, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.  In the event my claim must be brought in arbitration, I authorize Plaintiff's counsel to file a claim for arbitration on my behalf.

5.  I understand that Plaintiff's counsel agrees to represent me on a contingency fee basis without any prepayment of attorneys' fees or costs.  The fees and costs will either be subtracted from the total recovery obtained from my employer in the amount of thirty-three and one-third percent (33-1/3%) of my total recovery plus costs expended by Plaintiff's counsel on my behalf, or they may be paid separately by my employer.  If there is no recovery, Plaintiff's counsel will not be paid for their work on this case.

**Employer:**

ComfortCare

Signature: _____          Date:    Sep 20, 2024

Ebony Brothers (Sep 20, 2024 14:34 EDT)

Ebony Brothers
3169 South Edsel Street
Detroit, MI 48217
ebonybrothers@yahoo.com

Exhibit 1