UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY BROTHERS, on behalf of
herself and all others similarly
situated,

Case No. 2:25-cv-10131
Hon. Denise Page Hood

Plaintiffs,

v.

LIVONIA COMFORT CARE, LLC,

Defendant.

---

| | |
|---|---|
| LORI M. GRIFFIN (Ohio 0085241) | BRIAN P. SWANSON (P53271) |
| MATTHEW S. GRIMSLEY (Ohio 0092942) | Masud Labor Law Group |
| ANTHONY J. LAZZARO (Ohio 0077962) | Attorneys for Defendant |
| The Lazzaro Law Firm, LLC | 4449 Fashion Square Boulevard, Ste. 1 |
| The Heritage Building, Ste. 250 | Saginaw, MI 48603 |
| 34555 Chagrin Boulevard | (989) 792-4499 |
| Moreland Hills, OH 44022 | bswanson@masudlaborlaw.com |
| (216) 696-5000 | Attorneys for Defendant |
| lori@lazzarolawfirm.com | |
| matthew@lazzarolawfirm.com | |
| anthony@lazzarolawfirm.com | |
| Attorneys for Plaintiff | |

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Livonia Comfort Care, LLC, ("Defendant"), by and through

its counsel, and in answer to Plaintiff's Complaint states as follows:

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

1

MASUD LABOR LAW GROUP

<u>**DEFENDANT'S ANSWER**</u>

In accordance with Federal Rule of Civil Procedure 8(b) and Local Rule of Civil Procedure 8.2, Defendant's Answer corresponds with the numbered paragraphs in Plaintiff's Complaint, as follows:

<u>**ALLEGED INTRODUCTION**</u>

1.      Plaintiff institutes this "collective action" as a result of Defendant's practices and policies of failing to pay Plaintiff and other similarly situated employees for all hours worked, including meal periods during which they performed work and were not completely relieved from duty and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

<u>**ANSWER**</u>:

Defendant admits that Plaintiff, Ebony Brothers ("Named Plaintiff" or "Plaintiff"), has alleged a collective action individually, and on behalf of allegedly similarly situated persons employed by Defendant, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also

2

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

## ALLEGED JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**ANSWER**:

The allegations in Paragraph 2 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant admits the Court has subject matter jurisdiction over the FLSA claims asserted in this matter under 28 U.S.C. § 1331. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

3

**MASUD LABOR LAW GROUP**

the facts and denies Named Plaintiff's alleged violation of the FLSA.

3.      The Court has personal jurisdiction over Defendant because its principal place of business is in Michigan.

**ANSWER**:

The allegations in Paragraph 3 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant admits that this Court has personal jurisdiction over Defendant as Defendant is an active Michigan corporation with a principal place of business in Livonia, Michigan. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and because a substantial part of the events

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

4

**MASUD LABOR LAW GROUP**

and omissions giving rise to the claims occurred in this District and Division.

**ANSWER**:

The allegations in Paragraph 4 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant admits that it is an active Michigan corporation registered with a principal place of business in Livonia, Michigan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Named Plaintiff's Complaint and leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

## ALLEGED PARTIES

5.      At all times relevant herein, Plaintiff was a citizen of the United States and a

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

resident of Mecosta County, Michigan.

**ANSWER**:

Defendant neither admits nor denies the allegations in Paragraph 5 since the allegations are unduly vague and ambiguous as to the meaning of "at all times relevant herein" and, consequently, Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff to her proofs.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

**ANSWER**:

The allegations contained in paragraph 6 of Plaintiff's Complaint are unduly vague and ambiguous as to the meaning of "at all times relevant herein" and, consequently, Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant states that the allegations in Paragraph 4 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant admits that it employed Plaintiff. Defendant neither admits nor denies the remaining allegations in Paragraph 6 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Further, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 |  Saginaw, MI 48603 |  www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. Moreover, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

7. At all times relevant herein, Defendant Livonia Comfort Care was a Michigan Limited Liability Company, organized and existing under the laws of the State of Michigan.

**<u>ANSWER</u>:**

The allegations contained in paragraph 7 of Plaintiff's Complaint are unduly vague and ambiguous as to the meaning of "at all times relevant herein" and, consequently, Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Defendant admits that it is a Michigan Limited Liability Company, organized and existing under the laws of the State of Michigan.

8. Defendant's principal place of business is located at 34020 Plymouth Road, Livonia, Michigan 48150.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

**ANSWER**:

Admitted.

9.     At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

**ANSWER**:

The allegations contained in paragraph 9 of Plaintiff's Complaint are unduly vague and ambiguous as to the meaning of "at all times relevant herein" and, consequently, Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant states that the allegations in Paragraph 9 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant admits it is a covered employer for purposes of the FLSA. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer,

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

8

**MASUD LABOR LAW GROUP**

Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

10.     At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

**ANSWER**:

The allegations contained in paragraph 10 of Plaintiff's Complaint are unduly vague and ambiguous as to the meaning of "at all times relevant herein" and, consequently, Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant states that the allegations in Paragraph 10 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant neither admits nor denies the remaining allegations in Paragraph 10 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Moreover, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

11.     At all times relevant herein, Defendant is and was an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

**ANSWER**:

The allegations contained in paragraph 11 of Plaintiff's Complaint are unduly vague and ambiguous as to the meaning of "at all times relevant herein" and, consequently, Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant states that the allegations in Paragraph 11 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant neither admits nor denies the remaining allegations in Paragraph 11 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Moreover, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b)

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

10

**MASUD LABOR LAW GROUP**

Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

12. At all times relevant herein Defendant Livonia Comfort Care, LLC; Bay City Comfort Care, LLC; Chesaning Comfort Care, LLC; Shelby Comfort Care, LLC; Shields Comfort Care, LLC; Vassar Comfort Care II, LLC; Bavarian Comfort Care, LLC; and/or Brighton Comfort Care, LLC ("Comfort Care entities") operated as a single "enterprise" within the meaning of 29 U.S.C. § 203(r)(1). Defendant Livonia Comfort Care, LLC and the other Comfort Care entities perform related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint.

**ANSWER**:

The allegations contained in paragraph 12 of Plaintiff's Complaint are unduly vague and ambiguous as to the meaning of "at all times relevant herein" and, consequently, Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

11

MASUD LABOR LAW GROUP

to their proofs. In further answer, Defendant states that the allegations in Paragraph 12 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies that Defendant and the other identified companies perform related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint. Defendant neither admits nor denies the remaining allegations in Paragraph 12 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Moreover, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

13. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

12

MASUD LABOR LAW GROUP

203(s)(1).

**<u>ANSWER</u>**:

The allegations contained in paragraph 13 of Plaintiff's Complaint are unduly vague and ambiguous as to the meaning of "at all times relevant herein" and, consequently, Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant states that the allegations in Paragraph 13 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant neither admits nor denies the remaining allegations in Paragraph 13 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Moreover, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

14.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**ANSWER**:

The allegations contained in paragraph 14 of Plaintiff's Complaint are unduly vague and ambiguous as to the meaning of "at all times relevant herein" and, consequently, Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant states that the allegations in Paragraph 14 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant neither admits nor denies the remaining allegations in Paragraph 14 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Moreover, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

14

**MASUD LABOR LAW GROUP**

set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

15. Plaintiff's written consent to this action is attached hereto as Exhibit 1.

**ANSWER**:

Admitted.

16. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**ANSWER**:

Defendant neither admits nor denies the allegations in Paragraph 16 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer,

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

## ALLEGED FACTUAL ALLEGATIONS

17.    Defendant is a nursing and rehabilitation center with several facilities located in Michigan, including facilities in Livonia, Bay City, Brighton, Chesaning, Shelby, Shields, and Vassar.

**ANSWER**:

Defendant denies that it is a nursing and rehabilitation center located in Livonia, Michigan. Defendant further denies that Livonia Comfort Care, LLC has facilities located in Bay City, Brighton, Chesaning, Shelby, Shields, and Vassar.

18.    Upon information and belief, each facility is controlled by the same leadership team and members and each facility operates with a high degree of interrelated and unified operations and share common labor policies and practices complained of herein.

**ANSWER**:

Denied.

19.    Defendant employed Plaintiff as a caregiver from January 2023 through December 2023 as a caregiver at its Livonia, Michigan location.

**ANSWER**:

Defendant admits that it employed Named Plaintiff as a caregiver at its Livonia, Michigan location. Defendant denies the remaining allegations in Paragraph 19.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

20.    Other similarly situated employees were employed by Defendant as full-time, non-exempt employees, including but not limited to caregivers, med-techs, and direct support providers at various facilities in Michigan.

**ANSWER**:

The allegations in Paragraph 20 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant admits that it employed caregivers, med-techs and direct support providers. Defendant neither admits nor denies the remaining allegations in Paragraph 20 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Defendant also denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

17

**MASUD LABOR LAW GROUP**

consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

21.     Plaintiff and other similarly situated employees were classified by Defendant as non-exempt and paid an hourly wage.

**ANSWER**:

The allegations in Paragraph 21 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant admits that Defendant classified Named Plaintiff as non-exempt and paid Plaintiff an hourly wage. Defendant neither admits nor denies the remaining allegations in Paragraph 21 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegation about "similarly situated employees" and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer,

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

18

**MASUD LABOR LAW GROUP**

Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

22.     Plaintiff and other similarly situated employees regularly worked more than 40 hours per work week.

**ANSWER**:

The allegations in Paragraph 22 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant denies that Named Plaintiff regularly worked more than 40 hours per week. Defendant neither admits nor denies the allegations in Paragraph 22 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

19

**MASUD LABOR LAW GROUP**

provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

## (Alleged Failure to Pay For All Hours Worked)

23. Plaintiff and other similarly situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: (a) setting up the dining room; and (b) helping residents get cleaned up and ready.

**ANSWER**: The allegations in Paragraph 23 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 23 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Defendant denies the remaining allegations. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action,

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

20

**MASUD LABOR LAW GROUP**

and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

24.     The time Plaintiff and other similarly situated employees spent setting up the dining room and helping residents get cleaned up and ready was and integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

**ANSWER**:

The allegations in Paragraph 24 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 24 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 24 are unduly vague and argumentative and include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

neither admits nor denies the remaining allegations in Paragraph 24 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Moreover, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

25.     Setting up the dining room and helping residents get cleaned up and ready are intrinsic elements of their principal activities and ones with which Plaintiff and other similarly situated employees cannot dispense if they are to perform their principal activities.

**ANSWER:**

The allegations in Paragraph 25 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

necessary, Defendant neither admits nor denies the allegations in Paragraph 25 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 25 are unduly vague and argumentative and include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 25 since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Moreover, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

26.    Plaintiff and other similarly situated employees were not paid for time spent (a)

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

MASUD LABOR LAW GROUP

setting up the dining room; and (b) helping residents get cleaned up and ready.

**ANSWER**:

The allegations in Paragraph 26 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 26 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 26 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d)  Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 |  Saginaw, MI 48603 |  www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

27.    The amount of time Plaintiff and other similarly situated employees spent on this required and unpaid worked amounted to approximately one hour per day.

**ANSWER**:

The allegations in Paragraph 27 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 27 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 27  are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

FLSA.

28.     When Plaintiff and other similarly situated employees clocked in early to perform these principal activities, Defendant and the other Comfort Care entities deducted the hours worked from the time keeping system.

**ANSWER**:

The allegations in Paragraph 28 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 28 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 28 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

29.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**ANSWER**:

The allegations in Paragraph 29 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 29 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 29 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

27

**MASUD LABOR LAW GROUP**

set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

### (Alleged Failure to Provide Bona Fide Meal Periods)

30.     Plaintiff and other similarly situated employees were not provided *bona fide* meal periods during which they were completely relieved from duty.

### ANSWER:

The allegations in Paragraph 30 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 30 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 30 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

28

**MASUD LABOR LAW GROUP**

wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

31.     Defendant has/had a practice and policy of automatically deducting 30 minutes from Plaintiff's and other similarly situated employees' pay each day for a meal period, despite the fact that they frequently did not receive a meal period and were required to perform work during their unpaid meal periods.

**ANSWER**:

The allegations in Paragraph 31 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 31 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining  allegations in Paragraph 31 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court,

c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

32.    Plaintiff was required to work through her unpaid meal periods nearly every workday.

**ANSWER**:

Denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

33.    Defendant knew that Plaintiff and other similarly situated employees frequently

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

30

MASUD LABOR LAW GROUP

did/do not receive meal periods because Defendant required/requires them to perform the work during their meal periods, and supervisors observed them performing work during their meal periods.

**ANSWER**:

The allegations in Paragraph 33 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 33 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 33 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 |  Saginaw, MI 48603 |  www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

34. Plaintiff also reported missing her meal periods to her supervisor.

**ANSWER**:

Denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA..

35. The time spent working during unpaid meal periods was in addition to the 40 or more paid hours that Plaintiff and other similarly situated employees regularly worked, and thus, constituted overtime hours worked for which Plaintiff and other similarly situated employees were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly rates of pay.

**ANSWER**:

The allegations in Paragraph 35 improperly state a legal conclusion about "similarly situated

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 35 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 35 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

36.     As a result of Defendant's failure to pay Plaintiff and other similarly situated employees for meal periods during which they performed work, Plaintiff and other similarly situated employees were denied significant amounts of overtime compensation.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

33

**MASUD LABOR LAW GROUP**

**ANSWER**:

The allegations in Paragraph 36 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated. " To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 36 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 36 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d)  Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

**(Alleged Failure to Keep Accurate Records)**

37.     Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated recruiters.

**ANSWER**:

The allegations in Paragraph 37 improperly state a legal conclusion about "similarly situated" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated. The allegations in Paragraph 37 are also unduly confusing (i.e., "Plaintiff and other similarly situated recruiters"). To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 37 about "similarly situated" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 37 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer,

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

<strong>(Alleged Defendant Willfully Violated the FLSA)</strong>

38.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

<u>**ANSWER**</u>:

The allegations in Paragraph 38 include improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies engaging in any of the violations alleged by Plaintiff. Moreover, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

39.     Defendant did not make and has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

has carried out its unlawful pattern and practice of failing to pay its full-time, non-exempt, hourly employees for meal periods during which they performed work.

**ANSWER**:

Denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

<strong><u>ALLEGED COLLECTIVE ACTION ALLEGATIONS</u></strong>

40.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

**ANSWER**:

The allegations in Paragraph 40 improperly state a legal conclusion about "persons similarly situated" to which no response is required as Plaintiff has failed to provide the facts necessary

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

to establish the allegation of being "persons similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 40 about "persons similarly situated" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. Further, Defendant admits that Named Plaintiff has alleged a collective action pursuant to 29 U.S.C. § 216(b) individually, alleging violations of the FLSA. Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

41.    The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows: All current and former employees employed by Livonia Comfort Care, LLC; Bay City Comfort Care, LLC; Chesaning Comfort

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

Care, LLC; Shelby Comfort Care, LLC; Shields Comfort Care, LLC; Vassar Comfort Care II, LLC; Bavarian Comfort Care, LLC; and/or Brighton Comfort Care, LLC at any time between 3 years prior to the filing of this suit and the present.

**ANSWER:**

The allegations in this Complaint and Paragraph 41 are, in part, unduly confusing due to Plaintiff's allegations that he is male ("himself"). Since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she/he seeks to represent to their proofs. Defendant admits Named Plaintiff purports to define a FLSA collective action in Paragraph 41. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent  any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

42.     Plaintiff is unable, at this time, to state the exact size of the potential class, but

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

upon information and belief, avers that it consists of more than 100 persons.

**ANSWER**:

Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegation that Plaintiff is unable to state the alleged class size and, therefore, leaves Named Plaintiff and the individuals she/he seeks to represent to their proofs. The remaining allegations are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

43. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former recruiters are similarly situated with regard to their claims for unpaid wages and

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 |  Saginaw, MI 48603 |  www.masudlaborlaw.com

40

**MASUD LABOR LAW GROUP**

damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

**ANSWER**:

To the extent a response is necessary, Defendant denies the allegations in Paragraph 43. More specifically, Defendant denies Plaintiff was a recruiter and denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

44. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

41

**MASUD LABOR LAW GROUP**

**ANSWER**:

The allegations in Plaintiff's Complaint and Paragraph 44 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 44 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 44 are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

42

**MASUD LABOR LAW GROUP**

## ALLEGED COUNT ONE

## (Violations of the FLSA)

45.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER**:

Defendant reasserts and realleges its answers to Paragraphs 1-44 of the Complaint as if fully set forth here.

46.     Defendant's practices and policies of not paying Plaintiff and other similarly situated production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

**ANSWER**:

The allegations in Paragraph 46 are confusing and improperly state a legal conclusion about "similarly situated production employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated production employees." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 46 about "similarly situated production employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 46 include unduly

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

43

**MASUD LABOR LAW GROUP**

ambiguous and improper conclusions of law ("employees" vs. "production employees") to which no response is required. To the extent a response is necessary, Defendant denies that it had a practice and policy of not paying Plaintiff or other employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA. Further, Defendant denies that the Named Plaintiff or the individuals she seeks to represent were production employees.

47. Defendant's practices and policies of not paying Plaintiff and other similarly situated employees for meal periods during which they performed work violated the FLSA, 29 C.F.R. § 785.19.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

44

**MASUD LABOR LAW GROUP**

**ANSWER**:

The allegations in Paragraph 47 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated employees." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 47 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 47 include other improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies that it had a practice and policy of not paying Plaintiff and other similarly situated production employees for meal periods during which they performed work. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

48.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

**<u>ANSWER</u>**:

The allegations in Paragraph 48 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated". To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 48 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations in Paragraph 48 include other improper conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies that it had a practice and policy of not paying Plaintiff and other employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

49. Defendant's actions and/or omissions were not in good faith.

**ANSWER**:

The allegations in Paragraph 49 improperly state an argumentative legal conclusion about "good faith" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of a lack of "good faith." To the extent a response is necessary, and to the extent Plaintiff alleges Defendant violated the law or engaged in misconduct or acted in bad faith the allegations are denied.

50. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

**ANSWER**:

Defendant denies engaging in any of the "above-mentioned conduct" alleged in Plaintiff's Complaint. Defendant also denies that Named Plaintiff has fully and accurately set forth the

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA and the remaining allegations in Paragraph 50.

51. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages, including overtime compensation, due to them pursuant to the FLSA.

**ANSWER:**

The allegations in Paragraph 51 improperly state a legal conclusion about "similarly situated employees" to which no response is required as Plaintiff has failed to provide the facts necessary to establish the allegation of being "similarly situated." To the extent a response is necessary, Defendant neither admits nor denies the allegations in Paragraph 51 about "similarly situated employees" since Defendant does not have information and knowledge sufficient to form an opinion as to the truth of the allegations and, therefore, leaves Named Plaintiff and the individuals she seeks to represent to their proofs. The remaining allegations are denied. In further answer, Defendant denies the existence of facts or circumstances that would justify this lawsuit including, but not limited to, a) Defendant denies that the Named Plaintiff or the individuals she seeks to represent are similarly situated, b) Defendant denies that the Named Plaintiff's collective action claims are properly in this Court, c) Defendant denies that this action can proceed as a collective action, and d) Defendant denies that it

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

48

MASUD LABOR LAW GROUP

owes the Named Plaintiff or the individuals she seeks to represent any unpaid wages or other damages. Defendant also denies that Named Plaintiff has fully and accurately set forth the rights, responsibilities, exceptions and definitions provided under the FLSA. In further answer, Defendant admits only to those duties imposed by the statutes and case law consistent with the facts and denies Named Plaintiff's alleged violation of the FLSA.

## ALLEGED PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all FLSA Collective Class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the FLSA Collective Class she represents actual damages for unpaid overtime compensation.

D. Award Plaintiff and the FLSA Collective Class she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the FLSA Collective Class;

E. Award Plaintiff and the FLSA Collective Class she represents pre- and post-judgment interest at the statutory rate;

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

F.      Award Plaintiff and the FLSA Collective Class she represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the FLSA Collective Class she represents further and additional relief as this Court deems just and proper.

**ANSWER**:

Defendant admits that Plaintiff purports to seek the relief alleged in the Alleged Prayer for Relief section of Plaintiff's Complaint but denies the allegations contained therein, denies that this case may proceed as a collective action under the FLSA, denies notice should be issued in this action, denies that the Named Plaintiff or the individuals she purports to represent are entitled to any damages for unpaid overtime, denies that the Named Plaintiff or the individuals she purports to represent are entitled to any liquidated damages, denies that the Named Plaintiff or the individuals she purports to represent are entitled to any pre- or post-judgment interest, denies that the Named Plaintiff or the individuals she purports to represent are entitled to attorneys' fees, costs, or disbursements, and denies that the Named Plaintiff or the individuals she purports to represent are entitled to any additional relief or damages, at law or in equity. In further answer, Defendant denies that the Named Plaintiff or her counsel should represent any class as part of a collective action, denies that the Named Plaintiff's collective action claims are properly in this Court, and denies that the Named Plaintiff or the individuals she purports to represent are entitled to have a jury hear their case.

WHEREFORE, Defendant respectfully requests that this Court:

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

(a)    strike or dismiss Plaintiff's Complaint's collective action allegations;

(b)    dismiss the entire Complaint with prejudice and enter a Judgment against Plaintiff and in favor of Defendant on each cause of action;

(c)    deny each demand and prayer for relief;

(d)    strike Plaintiff's Jury Demand;

(e)    award Defendant its attorneys' fees and costs of suit herein to the extent permitted under applicable law; and

(f)    award Defendant such other and further relief that the Court deems appropriate and proper.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES[1]

Defendant Livonia Comfort Care, LLC ("Defendant") asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Plaintiff, and others with whom she alleges she/he is "similarly situated," are estopped from pursuing the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure to accurately record and report their time as required by Defendant.

3.    Plaintiff's Complaint fails to plead sufficient facts to state a cause of action and

---

[1] No defense in this Answer shall be deemed an affirmative defense unless failure to assert it would be deemed a waiver of the defense by Defendant.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

51

**MASUD LABOR LAW GROUP**

instead merely states "labels and conclusions" of law contrary to the requirements of Fed R. Civ. P. 8 and law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, (2009); *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

4.      Plaintiff, and others with whom she/he alleges she/he is "similarly situated," are barred from pursuing some, or all, of their claims or remedies by the doctrine of laches and/or unclean hands.

5.      Plaintiff, and others with whom she/he alleges she/he is "similarly situated," are precluded from recovering any amounts from Defendant where Defendant has paid them all sums legally due under the FLSA.

6.      The Complaint is barred in whole, or in part, by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

7.      With respect to some, or all, claims brought by Plaintiff, and others with whom she/he alleges are "similarly situated," Defendant affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with honest intent and reasonable grounds for believing Defendant was in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA. 29 U.S.C. § 255(a).

8.      The Complaint, and each purported cause of action set forth therein, is barred

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff, and other employees, recruiters, and production employees with whom she is allegedly "similarly situated," were engaged in activities that were not compensable work under the FLSA, and were not an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary or postliminary to their principal activities.

9.      Some, or all, of the disputed time for which Plaintiff, and others with whom she alleges are "similarly situated," involves wages purportedly owed for time that is not compensable under the *de minimis* doctrine.

10.     Plaintiff, and others with whom she is allegedly "similarly situated," may not recover liquidated damages because (i) Defendant (including its officers, managers, and agents) acted reasonably and in good faith and without malice or reckless indifference or disregard for any of Plaintiff's, or the individuals she seeks to represent, statutory or common law rights, and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendant (including its officers, managers and agents) did not commit, authorize or ratify any willful violation with respect to Plaintiff, and others with whom she is allegedly "similarly situated;" and (iii) Plaintiff, and others with whom she is allegedly "similarly situated," have failed to plead facts sufficient to support recovery of such damages.

11.     To the extent Plaintiff, and others with whom she is allegedly "similarly situated," are entitled to damages, Defendant is entitled to a credit for, set off / offset or

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

recoupment against, amounts overpaid to them in the course of their employment, as well as a credit for overtime and other premium payments already made to them.

12. The claims of the Plaintiff and the individuals she seeks to represent are barred in whole or in part by 29 U.S.C. §§§ 258, 259 and 260 because Defendant acted with honest intent in good-faith conformity with, and in reliance upon, written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage & Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator or any similar State Administrator with respect to the class of employees to which Plaintiff allegedly belongs and because any acts and/or omissions giving rise to this action were done in with honest intent in good faith and with reasonable grounds for believing that the acts and/or omissions were not a violation of the FLSA.

13. Plaintiff may not maintain this action in a representative capacity as a collective action under 29 U.S.C. § 216 because she is not "similarly situated" to any other employee for purposes of the allegations and claims made in this lawsuit.

14. The claims set forth in the Complaint are barred in whole, or in part, by the doctrine of payment because (i) Defendant properly compensated Plaintiff, and others with whom she is allegedly "similarly situated," for all time worked in accordance with the FLSA, and (ii) Defendant paid Plaintiff, and others with whom she is allegedly "similarly situated," for additional time including, without limitation, premium payments as recognized under 29 U.S.C. § 207(e) and for time paid, but not worked, by Plaintiff, and others with whom she is

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

allegedly "similarly situated."

15. Plaintiff, and others with whom she is allegedly "similarly situated," may not pursue any claims in this action on behalf of anyone who has not joined this action or consented to join this action in writing and/or whose express written consent is not filed with the Court, under 29 U.S.C. §216(b).

16. Plaintiff, and others with whom she is allegedly "similarly situated," are not entitled to compensation for hours they purportedly worked without Defendant's actual or constructive knowledge in violation of Defendant's policies and procedures.

17. The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendant's liability, and/or damages, if any, to Plaintiff, and others with whom she is allegedly "similarly situated," on a group or aggregated basis.

18. Plaintiff, and others with whom she is allegedly "similarly situated," are estopped from asserting any claims for relief against Defendant. Defendant has fully performed any alleged statutory, contractual, or other duties which were owed to Plaintiff and others with whom she is allegedly "similarly situated."

19. Plaintiff, and others with whom she is allegedly "similarly situated," cannot recover unpaid overtime compensation (the entitlement to which is expressly denied) because they did not work more than 40 hours in a single workweek during some or all of their employment with Defendant.

20. Upon information and belief, Plaintiff and others with whom she is allegedly

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

MASUD LABOR LAW GROUP

"similarly situated," have failed to mitigate their damages, any entitlement to which is expressly denied.

21.    Any alleged failure by Defendant to pay Plaintiff and others with whom she is allegedly "similarly situated," any wages due, which Defendant expressly denies, was unintentional and did not constitute a willful violation of the FLSA or any applicable state law.

22.    Plaintiff's claims and those of others with whom she is allegedly "similarly situated," fail in whole or in part because any alleged wrongful acts of Defendant's employee(s) were outside the course and scope of employment of such employee(s), were not in furtherance of Defendant's business, and were contrary to Defendant's good faith efforts to comply with all applicable laws.

23.    Plaintiff, and others with whom she is allegedly "similarly situated," may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

24.    Plaintiff's claims cannot be properly joined with the claims of any potential opt-in Plaintiffs.

25.    Plaintiff, and others with whom she is allegedly "similarly situated," cannot establish that Defendant engaged in willful conduct within the meaning of the FLSA and thus this matter is subject to a two-year statute of limitations period under the FLSA. Any claims brought outside the applicable statute of limitations period are time-barred.

26.    Plaintiff lacks standing to bring claims on behalf of and may not represent

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 |  Saginaw, MI 48603 |  www.masudlaborlaw.com

MASUD LABOR LAW GROUP

putative collective action members, including, but not limited to, "recruiters," "production employees," "employees," in whole or in part, with respect to the asserted collective action claims.

27. The claims of the Plaintiff and others with whom she is allegedly "similarly situated," are barred and/or reduced by the appropriate preemptions, exemptions, wage deductions, and/or allowable set-offs provided for under the FLSA, or Michigan law.

28. Defendant took reasonable measures to prevent and correct any alleged violations of the FLSA, or Michigan law, and that the Plaintiff and others with whom she is allegedly "similarly situated," failed to take advantage of corrective opportunities provided or to otherwise avoid harm.

29. The Plaintiff, and others with whom she is allegedly "similarly situated," failed to give Defendant adequate notice of the alleged problems and wage issues and failed to give Defendant a reasonable opportunity to cure the alleged problems and wage issues.

30. Defendant alleges that Plaintiff and others with whom she is allegedly "similarly situated," have been paid and/or received all wages due them by virtue of their employment.

31. Defendant alleges that Plaintiff and others with whom she is allegedly "similarly situated," were treated fairly and with honest intent in good faith, and that all actions taken with regard to them were taken for lawful business reasons and in good faith.

32. Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein are barred because Plaintiff and others with whom she is allegedly "similarly situated,"

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them prior to commencing action.

33.     Defendant alleges that Plaintiff and others with whom she is allegedly "similarly situated," are barred from obtaining relief pursuant to a collective action or class action since liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

34.     Plaintiff's claims and those of others with whom she is allegedly "similarly situated," are barred, in whole or in part, by preemptions, exemptions, exclusions, exceptions or credits pursuant to and/or set forth in the FLSA including, but not limited to, those specifically including the provisions of Section 9 of the Portal-to-Portal Act, 29 U.S.C. § 254 and Section 7(i), 29 U.S.C. § 207(i).

35.     Plaintiff, and others with whom she is allegedly "similarly situated," are barred from recovery to the extent that they failed to act in accordance with the express instructions and reasonable expectations of Defendant, which were made clear in meetings and instructions provided by Defendant.

36.     Defendant alleges that this suit may not be properly maintained as a collective action because: (1) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for collective class treatment and such treatment is neither appropriate or constitutional; (2) a collective action is not an appropriate method for the fair and efficient adjudication of the claims described in Plaintiff's Complaint; (3) common issues of fact or law

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

MASUD LABOR LAW GROUP

do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper collective action representative and lacks standing to assert the legal rights of the putative class members; (6) Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class because they are unable to fairly and adequately represent and protect the interests of all the putative class members Plaintiff purports to represent; (7) Plaintiff cannot satisfy the requirements for collective action treatment, and collective action treatment is not appropriate; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class she seeks to represent; (9) Plaintiff is not similarly situated to any of the putative class members she purports to represent and her claims and defenses are not representative or typical of the claims and defenses of such putative class members and the alleged putative class members as described in Plaintiff's Complaint are not similarly situated to each other; and (10) to the extent any alleged putative classes are ascertainable and their members identifiable, the number of putative class members is too small to meet the numerosity requirement or is not so large that joinder of the individual members would not be impracticable; and (11) Plaintiff's claims and the claims of the putative class members are not proper for collective class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this matter.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

37. Defendant alleges that to the extent Plaintiff and others with whom she is allegedly "similarly situated," recover in this action, they cannot recover damages or liquidated damages, beyond a two-year time period.

38. To the extent sought, prejudgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216 and 260.

39. Plaintiff's claims and those of others with whom she is allegedly "similarly situated," are estopped by the submission of their own time records, for which Defendant compensated them for all overtime worked and claimed.

40. Discovery may show that there was no proximate cause between the alleged action of the Defendant and the alleged damages of Plaintiff or the class she seeks to represent.

41. Some of the individuals that Plaintiff seeks to represent may be exempt employees who are not entitled to overtime.

42. Some of the individuals that Plaintiff seeks to represent including, but not limited to, "recruiters," and "production employees," were not employed by Defendant.

43. Defendant presently has insufficient knowledge or information to form a belief as to whether they may have additional, as yet unstated, affirmative or other defenses available.

44. Defendant reserves the right to assert additional defenses if discovery indicates they would be appropriate.

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**

WHEREFORE, Defendant respectfully requests that this Court:

(a)     strike or dismiss Plaintiff's Complaint's collective action allegations;

(b)     dismiss the entire Complaint with prejudice and enter a Judgment against Plaintiff and in favor of Defendant on each cause of action;

(c)     deny each demand and prayer for relief;

(d)     strike Plaintiff's Jury Demand;

(e)     award Defendant its attorneys' fees and costs of suit herein to the extent permitted under applicable law; and

(f)     award Defendant such other and further relief that the Court deems appropriate and proper.

Dated:  April 1, 2025                           MASUD LABOR LAW GROUP

                                                s/BRIAN P. SWANSON
                                                Attorneys for Defendants
                                                4449 Fashion Square Boulevard, Ste. 1
                                                Saginaw, Michigan 48603
                                                (989) 792-4499
                                                bswanson@masudlaborlaw.com
                                                P53271

(o) 989-792-4499 | (f) 989-792-7725 | 4449 Fashion Square Blvd. Suite 1 | Saginaw, MI 48603 | www.masudlaborlaw.com

MASUD LABOR LAW GROUP

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2025 , I electronically filed Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses with the Clerk of the Court using the ECF system and that a copy will be forwarded via ECF to Plaintiff's counsel.

MASUD LABOR LAW GROUP

Attorneys for Defendants

By: s/BRIAN P. SWANSON
BRIAN P. SWANSON (P53271)
4449 Fashion Square Boulevard – Suite 1
Saginaw, MI  48603
(989) 792-4499

(o) 989-792-4499 |  (f) 989-792-7725 |  4449 Fashion Square Blvd. Suite 1 |  Saginaw, MI 48603 |  www.masudlaborlaw.com

**MASUD LABOR LAW GROUP**